UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERIPRISE FINANCIAL SERVICES, INC.,

        Plaintiff,

vs.                                   Case No. 2:11-cv-573-FtM-29SPC

SHENANDOAH LAWTON,

        Defendant.
_____

### OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Civil Contempt (Doc. #16) filed on October 31, 2011. Defendant filed a Response (Doc. #25) and Affidavits (Doc. #26), and the Court conducted an evidentiary hearing on December 19, 2011. For the reasons set forth below, the motion is denied.

On October 19, 2011, the Court entered an Agreed Order Granting Plaintiff's Motion for Preliminary Injunction (Doc. #14). Among other things, the Agreed Order enjoined defendant Shenandoah Lawton (Lawton) from soliciting Ameriprise Financial Services, Inc.'s (Ameriprise) clients or retaining any Ameriprise records. Defendant Lawton acknowledges receipt and understanding of the Agreed Order. Ameriprise seeks a finding of contempt, alleging Lawton has failed to return its client records and has solicited the business of Dr. Joan Craft after October 19, 2011.

It is well established that an injunction is enforced through a district court's contempt power. Faught v. Am. Home Shield

Corp., 660 F.3d 1289, 1293 (11th Cir. 2011).  A finding of civil contempt must be supported by clear and convincing evidence that (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; (3) the alleged violator had the ability to comply with the order; and (4) the order was violated. FTC v. Leshin, 618 F.3d 1221, 1232 (11th Cir. 2010); Jove Eng'g, Inc. v. IRS 92 F.3d 1539, 1545 (11th Cir. 1996).  The clear and convincing evidence standard is more exacting than the preponderance of the evidence standard, but does not require proof beyond a reasonable doubt.   Jove Eng'g, 92 F.3d at 1545.  The parties do not dispute the first three requirements, but focus solely on the fourth.

The only evidence that Lawton solicited an Ameriprise client after October 19, 2011 was the testimony of Dr. Joan Craft (Dr. Craft).  Dr. Craft testified that she initially decided to move her accounts to AXA Advisors, LLC (AXA) with Lawton, but then changed her mind.  On October 27, 2011, Dr. Craft left a voice message telling Lawton of her decision to return to Ameriprise, stating Lawton could call her about the matter. On direct examination, Dr. Craft testified that Lawton did call her, they discussed the "surrender charges", and Lawton stated she still wanted Dr. Craft to come with her to AXA as a client.  On cross examination, Dr. Craft testified that Lawton did not call her after she left the voice message.  On re-direct examination, Dr. Craft testified

Lawton could have called her after she left the voice message.[1] The Court finds that the testimony of Dr. Craft fails to satisfy the clear and convincing standard as to the content of the conversation and the specific continued solicitation during that conversation.  The Court finds no other evidence of solicitation of Ameriprise clients after October 19, 2011.  Therefore, the Court finds no basis for a contempt finding based upon solicitation of Ameriprise clients.

The second argument for a contempt finding is that Lawton has retained Ameriprise records, specifically client files, after the October 19, 2001 injunction.  Proof of this allegation is circumstantial, which can of course rise to a level of clear and convincing evidence. Brasseler, U.S.A. I., L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1378-79 (Fed. Cir. 2001).  In this case, however, the Court finds that the testimony and exhibits do not establish clear and convincing evidence that Lawton continues to retain Ameriprise records after October 19, 2011, other than two files which were returned through counsel. No one testified to any direct evidence that Lawton possessed such records after October 19, 2011.  Lawton was seen taking home files when she worked for Ameriprise, a fact she readily concedes. While Dr. Craft testified to seeing Lawton scan and shred documents on September 30, 2011, in

---

[1] Lawton testified that she did call Dr. Craft, but said nothing which can be construed as solicitation of her business.

her home, the more convincing evidence was that Lawton was not at home on that evening and, in any event, never had a shredder at home and never scanned and shredded documents at home in that time frame.  The Court finds that Ameriprise has not shown by clear and convincing evidence that Lawton has its documents.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Civil Contempt (Doc. #16) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of December, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record